■■■ SUZANNE LOCK, as Administrator of the Estate of JOHN LOLO, Deceased, Appellant, v CONSOLIDATED RAIL CORPORATION, Also Known as CONRAIL, et al., Respondents, and PRECISION ELECTRO MINERALS CO., INC., Appellant. [789 NYS2d 360]—Appeals from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered January 24, 2003. The order, among other things, granted the motions of defendants DeLeuw, Cather & Company of New York, Inc. and Frontier Railway Maintenance & Construction Company, Inc. for summary judgment dismissing the complaint and all cross claims against them, granted that part of the motion of defendant Consolidated Rail Corporation, also known as Conrail, Conrail, Inc., for partial summary judgment dismissing certain claims against it and denied plaintiff's cross motion for partial summary judgment against defendants Consolidated Rail Corporation, also known as Conrail, Conrail, Inc., Frontier Railway Maintenance & Construction Company, Inc. and DeLeuw, Cather & Company of New York, Inc. on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of defendant Consolidated Rail Corporation, also known as Conrail, Conrail, Inc., for partial summary judgment, reinstating the claims of negligence in the selection and installation of the Hayes derail switch against it, denying in part the motions of defendants DeLeuw, Cather & Company of New York, Inc. and Frontier Railway Maintenance & Construction Company, Inc. and reinstating the cross claim of defendant Precision Electro Minerals Co., Inc. against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff's decedent commenced this action to recover damages for injuries sustained when he attempted to operate a "Hayes derail" switch that his employer, defendant Consolidated Rail Corporation (Conrail), had installed on a side track at a plant operated by defendant Precision Electro Minerals Co., Inc. (PEMCO). The side track was designed with that switch by defendant DeLeuw, Cather & Company of New York, Inc. (DCCO) and constructed by defendant Frontier Railway Maintenance & Construction Company, Inc. (Frontier). Plaintiff and PEMCO appeal from an order that, inter alia, granted the

motion of DCCO for summary judgment dismissing the complaint and all cross claims against it; granted the motion of Frontier for summary judgment dismissing the complaint and all cross claims against it; granted that part of the motion of Conrail for partial summary judgment dismissing claims of negligence in the selection and installation of the Hayes derail switch against it; and denied plaintiff's cross motion for partial summary judgment against Conrail, Frontier and DCCO on the issue of liability.

We conclude that Supreme Court erred in granting Conrail's motion for partial summary judgment. Although Conrail made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that it was not negligent in the selection or installation of the Hayes derail switch, plaintiff produced evidentiary proof in admissible form sufficient to establish the existence of material issues of fact with respect to Conrail's alleged negligence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Nevertheless, we conclude that the court properly denied plaintiff's cross motion for partial summary judgment as against Conrail (*see Rogers v Missouri Pac. R.R. Co.*, 352 US 500, 510 [1957], *reh denied* 353 US 943 [1957]).

With respect to PEMCO's appeal, we conclude that the court erred in granting those parts of the motions of DCCO and Frontier for summary judgment that sought dismissal of PEMCO's cross claim for contribution or indemnification against them. In support of their motions, DCCO and Frontier failed to make a prima facie showing of entitlement to judgment as a matter of law on the issues of contribution and indemnification (*see Alvarez*, 68 NY2d at 324). We therefore modify the order by denying that part of the motion of Conrail for partial summary judgment, reinstating the claims of negligence in the selection and installation of the Hayes derail switch against it, denying in part the motions of DCCO and Frontier and reinstating PEMCO's cross claim for contribution or indemnification against them, and we otherwise affirm. Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.